**ENDORSEMENT**
Melie v. EVCI/TCI College Administration, et al.
08 Civ. 5226 (HB)(HBP)

     The Court's docket sheet incorrectly reported that this matter was assigned to me for all purposes. It is actually assigned to Judge Baer; the error on the docket sheet has now been corrected. Judge Baer has not issued any Order of Reference. Unless and until Judge Baer issues an Order of Reference, I have no jurisdiction to take any action concerning this matter, and, in the absence of an Order of Reference, any applications for any relief should be made to Judge Baer.

Dated:  New York, News York
        July 15, 2008

                                    SO ORDERED

                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Anthony C. Emengo, Esq.
5475 Expressway Drive North
Holtsville, New York  11742

Marjorie Kaye, Jr., Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York  10038

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-15-08



Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| 59 Maiden Lane | BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| New York, New York 10038 | BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| Tel 212 545-4000 | CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| Fax 212 972-3213 | CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| www.jacksonlewis.com | DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| | DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| | DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| | HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| | HOUSTON, TX | PHOENIX, AZ | |
| | LAS VEGAS, NV | PITTSBURGH, PA | |

MY DIRECT DIAL IS: 212-545-4020
MY EMAIL ADDRESS IS: KAYEM@JACKSONLEWIS.COM

July 11, 2008

**VIA FACSIMILE (212) 805-6111**
**AND REGULAR MAIL**

Hon. Henry Pitman
United States Magistrate Judge
United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007

Re: Ora Melie v. EVCI/TCI College
Administration (TCI), Peter Slater,
Sayed Akhavi and Nannette Jacobs
08 CV 5226 (HB)(HP)

Your Honor:

Our firm represents all named Defendants in the above-referenced action. We respectfully request an initial conference to clarify Plaintiff's claims in the Complaint.

On June 20, 2008 we wrote to Plaintiff's counsel asking him to identify the federal statutes and New York law under which he intended to bring claims. We further requested the action should be discontinued against Ms. Jacobs, one of the individually named defendants. Ms. Jacobs is not referenced at all in the Complaint, other than appearing in the caption. A copy of our letter to counsel is attached hereto. Plaintiff's counsel did not respond.

On July 2 and 8, 2008 we further attempted to reach Plaintiff's counsel by telephone, leaving messages with his office on both dates, but have yet to receive a response to our calls.

As we explained to counsel, we believe clarification of the Complaint is necessary in order for Defendants to answer, we respectfully request a conference to resolve this issue and to address whether the action should be continued against Ms. Jacobs.



Hon. Henry Pitman
United States Magistrate Judge
United States District Court
Southern District of New York
Page 2

Finally, we request an extension for Defendants to answer the Complaint or otherwise respond to it 30 days following a conference as requested.

We appreciate the Court's consideration of our request.

Respectfully yours,

JACKSON LEWIS LLP

Marjorie Kaye, Jr.

cc: Mr. Anthony C. Emengo, Esq.
Attorney for Plaintiff
472 Union Avenue, Suite 1000
Williamsburg, New York 11211
Via Facsimile: 718-937-8001

John A. Snyder, Esq.
Paul P. Parisi, Esq.



**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ATLANTA, GA · LONG ISLAND, NY · PORTLAND, OR
BIRMINGHAM, AL · LOS ANGELES, CA · PROVIDENCE, RI
BOSTON, MA · MIAMI, FL · RALEIGH-DURHAM, NC
CHICAGO, IL · MINNEAPOLIS, MN · RICHMOND, VA
CLEVELAND, OH · MORRISTOWN, NJ · SACRAMENTO, CA
DALLAS, TX · NEW ORLEANS, LA · SAN FRANCISCO, CA
DENVER, CO · NEW YORK, NY · SEATTLE, WA
DETROIT, MI · ORANGE COUNTY, CA · STAMFORD, CT
GREENVILLE, SC · ORLANDO, FL · WASHINGTON, DC REGION
HARTFORD, CT · PHILADELPHIA, PA · WHITE PLAINS, NY
HOUSTON, TX · PHOENIX, AZ
LAS VEGAS, NV · PITTSBURGH, PA

WRITER'S DIRECT DIAL
(212) 545-4020

June 20, 2008

**BY FACSIMILE (718) 937-8001**
**AND REGULAR MAIL**

Mr. Anthony C. Emengo, Esq.
472 Union Avenue, Suite 1000
New York, New York 11211

Re: Ora Melie v. EVCI/TCI, et al.
08 CV 5226

Dear Mr. Emengo:

Our firm represents EVCI, Technical Career Institutes, Inc. ("TCI"), Peter Slater, Sayed Akhavi and Nannette Jacobs (collectively referred to herein as "Defendants") in the above matter. Please be informed that we agree to accept service of the Summons and Complaint for all named defendants. Please direct all future correspondence and service of all future papers in this action to the undersigned.

We write to request a more specific pleading to be better able to discern your client's allegations or claims and effectively respond to the Complaint. Please see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, ***6 (2007, "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."

Please be aware that the entity "EVCI/TCI College Administration" described in the caption of the Complaint does not exist as plead. Based on the allegations set forth in the Complaint, we assume Plaintiff intended to name Technical Career Institutes, Inc., which is the business entity that employs him. Please clarify what corporate defendants Plaintiff intends to name.

CHRONO

**jackson|lewis**
Attorneys at Law

Mr. Anthony C. Emengo, Esq.
June 20, 2008
Page 2

Next, in Paragraph "1" of the Complaint, Plaintiff alleges that this action is being brought under Title VII of the Civil Rights Act of 1964 ("Title VII"). Please state the protected categories relied upon under Title VII as the Complaint references race, color, gender, religion and national origin, although the Complaint does not allege facts supporting a claim for either gender or religious discrimination.

Paragraph "2," alleges jurisdiction pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(3) and "all related claims under New York law." Please clarify whether Plaintiff also seeks relief pursuant to 42 U.S.C. §§ 1981, 1983 and 1985(3). Additionally, please specify the New York State law referenced in the Complaint. Once we have a clear understanding of exactly what claims Plaintiff is asserting, and under which laws he seeks relief, we will be in a position to respond appropriately and will do so promptly.

Finally, as you are no doubt aware, Title VII does not permit causes of action against individual defendants. See Tomka v. Seiler Corp., 66 F.3d 1295, 1319 (2d Cir. 1995). Therefore, we ask that you agree to voluntarily dismiss Peter Slater, Sayed Akhavi and Nannette Jacobs from this action with prejudice, insofar as Plaintiff's claims are based upon Title VII. Finally, with respect to Ms. Jacobs, there do not appear to be any material allegations in the complaint relating to her at all. As such, we request that you discontinue the action in all respects against Ms. Jacobs.

If you would like to discuss these matters further, please contact me at your earliest convenience. I look forward to speaking with you.

Very truly yours,

JACKSON LEWIS LLP

Marjorie Kaye, Jr.

MK/rg

cc: John A. Snyder III, Esq.