UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
ORA MELIE                                )
             Plaintiff,    )   **AMENDED COMPLAINT**
                           )   **WITH DEMAND FOR**
  -against-                             )   **A JURY TRIAL**
                           )
EVCI/TCI College Administration, Peter   )
Slater, Sayed Akhavi and Nannette Jacobs )
             Defendants    )   **April 19, 2008.**
------------------------------------------------------X

    TAKE NOTICE that as and for a verified complaint in this action, plaintiff by his attorneys ANTHONY EMENGO, P.C., alleges against all the defendants jointly and severally as follows:

    1. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).

## JURISDICTION

    2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343; 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, Title VII Section 704(a) Civil Rights Act of 1964, 42 U.S.C.A. s. 2000e and pendant jurisdiction of this court is invoked in respect of all related claims under New York law.

    3. Plaintiff has satisfied all procedural requirements prior to commencing this action and was issued with a Right to Sue Letter by the Equal Employment Opportunity Commission. This action is commenced within 90 days of the said letter Release of Jurisdiction (Copy attached)

1

which plaintiff received on or about March 10, 2008 and plaintiff requests a trial of all issues by a jury of his peers.

## PARTIES

4. Plaintiff is a resident of the State of New Jersey employed as an Technical Trainer /Instructor with the Technical Career Institute (TCI) at 330 West 34th Street New York, NY 10001.

5. Defendants EVCI/TCI College Administration (TCI) is an educational institution located at 330 West 34th Street New York, NY 10001.

6. Defendants Peter Slater, Sayed Akhavi and Nannette Jacobs are employees of the defendant EVC/TCI who acting in concert with other defendants and in their personal capacities retaliated against plaintiff and denied him his civil rights. as a result of my having engaged in constitutionally protected activity, namely commencing a complaint or charge against TCI with the Equal Employment Opportunity Commission and on account of race, national origin and nationality. The discriminatory conduct of which plaintiff complains about in this action includes, retaliation, failure to promote, harassment, and unequal terms and conditions of employment.

## STATEMENT OF FACTS

7. Plaintiff's employment is governed by an employment contract which guarantees a full time position with full benefits and salary of $55, 000 per annum at an hourly rate of $63.00 per hour for a forty hour week (19 contact hours) in the Computer Networking in the Engineering Division of the respondent. Plaintiff's employment is additionally regulated under a collective bargaining agreement between TCI and The Technical Office and Professional Union Local

2110 - UAW - AFL -CIO.

8. Plaintiff holds a Baccalaureate degree in Communications and the following professional certifications:  a)MCP; b)MCT; c)MCSE(2003 Security & Messaging) d).MCSE (2000 Security & Messaging) e) MCSE (NT) f). MCSA (2003 Security & Messaging)  g). MCSA (2000 Security & Messaging); h). CISCO CCNA. i)CISCO Wireless; j) Security+ (CompTIA); k)Network+ (CompTIA); l)A+ (CompTIA).

9. Examples of the conduct of defendants which plaintiffs alleges will constitute retaliation, failure to promote, harassment, and unequal terms and conditions of employment, complained of in this action are:

**(A) Prior EEOC Charges/Complaints Nos : 520-2006-03916 & 520-2007-00055**.

In or about March 24, 2006 without any basis and or any vestige of justification whatsoever, respondents wilfully made a false allegation and complaint to the police of, and concerning plaintiff that he was in possession of prohibited firearm on the premises of the institution and was threatening to cause violence and harm to named individuals. The complaint was determined by the police to be false and unfounded after an investigation. Defendants sought to use the false and malicious complaint as a pretextual reason to discharge plaintiff. Plaintiff thereupon commenced my prior EEOC Charges/Complaints Nos. **520-2006-03916 & 520-2007-00055** against defendants.

**B)     Plaintiff is selected for  pretextual discriminatory layoff  lay off:** During the pendency and investigation of Plaintiffs complaints by the EEOC,, and as a direct consequence thereof, respondents issued a letter dated August 29, 2006, discharging him from his employment as a full time employee on the pretext of a lay-off for the fall Term of 2006.

**C).** In the fall of 2006 plaintiff was removed from the position of coaching and hosting extra curricular activity for the students. Defendant Mr. Ahkavi stated specifically to plaintiff that the reason for his removal was that he had commenced proceedings against the school. He was therefore, not welcome in any of the school's activities.

**D). Removal from position as open house representative:** In the fall 2006, Plaintiff was removed from his position as an open house representative for the school. Defendant Mr. Slater wrote that since plaintiff had made it clear that he was commencing proceedings against the school, he was therefore not qualified to represent the school. He wrote "....*Secondly, and for the record, I am responsible for denying you the opportunity to do open house work. You have made no secret about your intentions to sue TCI, ..*"

**E)..** Other faculty members who were not of plaintiff's race and origin did not receive same treatment as plaintiff. Mr. Vijilio Morales a Hispanic, who was junior to plaintiff was passed over. Mr. Shah Alarm, an Asian, like plaintiff received a letter of lay-off but unlike plaintiff, he was quickly reinstated, while plaintiff was not.

**F). Racially Insensitive and Provocative Pronouncement by CEO**: Articulating the policy of Defendant TCI in his maiden meeting with the faculty of the school, the CEO of EVCI, the parent company of Defendant TCI Mr. McGrath, spoke selectively and derogatorily of, and concerning people of black race and culture, he stated that "at age 35, most if not all black males would have had a prison record", with the full knowledge of plaintiff's presence there as a black male and with his full attention focused on plaintiff.

**G).** Plaintiff was **profiled as an Individual with a violent propensity**: On or about June 2006, when plaintiff applied for permission to proceed on a career enhancement seminar with

Microsoft in Boston, Defendant Mr Peter Slater invited him to his office with the stated purpose to discuss and approve the seminar but immediately upon arriving in the office, he scornfully sized up plaintiff with a hateful look on his face and without any prompting, stated that plaintiff had a violent propensity which is attributable to his nationality, Nigeria, a place of unrest "where people are always killing each other".

      **H)**.Numerous other instances of retaliatory, discriminatory conduct, harassment, failure to promote and and unequal work opportunity suffered by plaintiff at the hands of the defendants abound, which will be founded upon at the trial, such as:

      i). Ms. Nannatte Jacobs acting in concert with other defendants at a meeting on 2/22/06 supported and enforced a decision by Defendant Akhavi which was in contravention of the Union Rules that academic decisions are made by faculty. Said decision allowed a less qualified and uncertified faculty member, in place of plaintiff who was fully certified in the field, to head faculty development training in "exchange".

      ii).Ms. Nannette Jacobs a union representative contary to her charge to represent and protect the employee, was acting in concert with the administration to the detriment. Sharepoint services report which melie presented to curriculum committee with the support of dean Blake was excluded from the minutes under the watch of union representative, Nanette Jacobs and Vice President Dr. Slater.

      iii). On 8/29/07, Dr. Slater sent Mr. Melie a layoff letter falsely claiming that the layoff was based on the union seniority policy, and that it was necessitated by the fact of low registration.

      **AS AND FOR A FIRST CAUSE OF ACTION**

10). Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 9, as if fully set forth herein.

11. Plaintiffs employment is governed by an employment contract which guarantees a full time position with full benefits and salary of $55, 000 per annum at an hourly rate of $63.00 per hour for a forty hour week (19 contact hours) in the Computer Networking in the Engineering Division of the respondent. Plaintiff's said employment is additionally regulated under a collective bargaining agreement between TCI and The Technical Office and Professional Union Local 2110 - UAW - AFL -CIO. Until 2006, plaintiff enjoyed his employment whereby he was legally entitled to and was receiving benefits in the form of Salary, health insurance, vacation, sick leave, holiday pay as well as other welfare benefits. Plaintiff had a legitimate expectation of advancement and long term continued employment. Defendants acting in concert, in violation of 29 U.S.C.§1140, by their conduct intentionally interfered with Plaintiffs employment relationship and legitimate expectancy of continued employment for the wrongful purpose of depriving Plaintiff of most, if not all the substantial ERISA protected benefits of his employment, as alleged in the proceeding paragraphs.

12. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under Employment Retirement Income Security Act..

13. By acting as described above, defendant acted with malice or with reckless disregard for plaintiff's rights, causing plaintiff injury and entitling plaintiff to consequential and liquidated damages.

14. The actions of the defendants were wilful, wanton, intentional, oppressive and outrageous, justifying the imposition of punitive damages in an amount sufficient to deter

defendant and others from like conduct in the future.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff is an individual of African origin and black race. Defendant adopted a discriminatory lay off policy based on based on race, national origin and color to the detriment of plaintiff. The conduct of respondents is chiefly actuated by their deep seated prejudice against plaintiff as an individual of African descent and Nigerian National origin.

16. None of the other faculty members similarly situated, who have unlike plaintiff, received preferential treatment rather than an adverse employment action, is of plaintiff's race and/or national origin.

17. Mr. Vijilio Morales who although junior to plaintiff in ranking but for whom plaintiff was passed over is Hispanic. Mr. Shah Alarm also received a letter of lay-off like plaintiff but who unlike plaintiff, was immediately fully reinstated is Asian. Plaintiff was targeted for selective and special treatment because of his race, national origin and nationality.

18. Defendant's employment practices and procedures have a disparate impact on plaintiff's equal employment opportunity based on his race, in violation of the Title VII Section 704(a) in Violation of, 42 U.S.C.A. s.1981 and Civil Rights Act of 1964, 42 U.S.C.A. s. 2000e.

19. As a result of the foregoing, plaintiff has suffered loss and damages.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury and an award of punitive damages as may

be determined by a jury of plaintiff's peers and reasonable attorneys' fees and the costs of this action, including attorneys' fees and costs for representation in the proceedings before the EEOC and specifically for:

1. Monetary damages as general and special damages in an amount not less than **One Million Dollars** ($1m.) for lost of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

2. An award of damages in an amount **One Million Dollars** ($1.m) to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

3. An award of punitive damages as may be determined by a jury of plaintiff's peers;

4. An award of reasonable attorneys' fees and the costs of this action, including attorneys' fees for representation in this Federal action.

Dated: Williamsburg, New York.
      August 19, 2008.

                                        ANTHONY C. EMENGO, ESQ.,
                                        Attorney for Plaintiff
                                        472 Union Avenue Suite 1000,
                                        Williamsburg, New York 11211
                                        (718) 937-8000

                                        By:_____*Anthonycemengo*_____
                                        ANTHONY C. EMENGO, (AE0582)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ORA MELIE

                            Plaintiff,

  -against-                            **CERTIFICATE OF MERIT**

EVCI/TCI College Administration, Peter
Slater, Sayed Akhavi and Nannette Jacobs
                       Defendants               **August 19, 2008.**
----------------------------------------------------------X

      I, **ANTHONY C. EMENGO, ESQ.,** attorney for the plaintiff, do hereby certify that I have reviewed the facts of this case and have had numerous conferences with the plaintiff, and together other colleagues and associates, I have thoroughly researched all the questions of Law raised in the Complaint herein.

      I have also consulted with experts in the field of law involved in the case herein and as a result thereof, I have concluded that there is a reasonable basis for the commencement of the above captioned action.

Dated:  Williamsburg, New York.
         August 18, 2008.

                                                ANTHONY EMENGO, P.C.,.
                                                Attorneys for Plaintiff
                                                472 Union Avenue, Suite 1000,,
                                                Williamsburg, New York, 11211
                                                (718) 937-8000

                                                By:   *Anthonycemengo*
                                                Anthony C. Emengo, Esq.(AE0582)